REED & DANIEL, plaintiffs in error, *vs.* FRANK M. GALLAHER, defendant in error.

1. When one contracts to ditch for another at a stipulated price per rod, no number of rods being specified, and to receive pay when the work is done, his action therefor cannot be defeated on the ground that it was prematurely brought because a portion of the work was not well done.

2. As the jury made a deduction for the defective work, and the error assigned upon the charge of the court is immaterial, under the view we take of the case, a new trial should not be granted on that ground.

Contracts. Action. New trial. Before Judge BARTLETT. Greene Superior Court. March Term, 1874.

It is unnecessary to the elucidation of any principle in this case to state facts additional to those embraced in the above head-notes.

JOHN C. REED, by J. A. BILLUPS, for plaintiffs in error.

E. C. KINNEBREW, for defendant.

TRIPPE, Judge.

1. The defense is not that the plaintiff failed or refused to ditch a specific number of rods which he had contracted for; nor is it that he had failed to ditch a number sufficient to drain the land, but that a portion of one ditch was not well done and would not properly drain that part of the bottom land in which it was located. It was in proof that a few dollars would make it answer that purpose, and the jury deducted from plaintiff's claim $10 00 for such defective work. Did plaintiff lose all claim to compensation on account of this defect in a small portion of his work? Defendants assert that the contract was an entire contract, including the character and quality of the work, and if any portion of it was not well done, plaintiff could recover nothing. Addison on Contracts, page 453, states the rule to be, that "a condition in a contract for work and service, that the work shall be done in a workmanlike and proper manner, is not a condition precedent going to the whole root of the action. Such a condition is implied in any contract for work and labor; and if it were a condition precedent to the plaintiff's right to remuneration, any little deficiency would destroy the contract, and deprive the plaintiff of any claim for payment." In this case the defective portion of the work was found by the jury to be but a very small percentage of the whole, and the plaintiff was allowed for that. The plaintiff contracted to ditch for the defendants, no specific number of rods being stipulated for, but the price per rod was agreed upon, and he was to receive pay when the work was done. He did all the ditching that was necessary under the contract, except that a

small portion was defective.   His right of action could not be altogether defeated on the ground that some of the work was not well done.   Under the principle quoted from Addison, his action may be maintained, and the defendant could plead the partial failure of consideration to the extent that the character of the ditching was defective and failed to answer its purpose.

2. Under the view we take of the case, it is unnecessary to consider the error assigned upon the charge of the court. If it were error it was an immaterial one, and does not affect the merits of the case.

Judgment affirmed.